J-S33044-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| v. | : | |
| ALEXANDER STANLEY WILLIAMS, JR. | : | |
| Appellant | : | No. 209 MDA 2024 |

Appeal from the Judgment of Sentence Entered January 18, 2024
In the Court of Common Pleas of Schuylkill County Criminal Division at
No(s): CP-54-CR-0001244-2023

BEFORE: OLSON, J., KUNSELMAN, J., and NICHOLS, J.

MEMORANDUM BY NICHOLS, J.:        **FILED: JANUARY 29, 2025**

Appellant Alexander Stanley Williams, Jr., appeals from the judgment of sentence following his conviction for simple assault and harassment. Appellant's counsel, Andrea L. Thompson, Esq. (Counsel), has filed a motion to withdraw and an **Anders/Santiago**[1] brief. After review, we grant Counsel's motion to withdraw and affirm the judgment of sentence.

This appeal arises from an incident that occurred on July 28, 2023 between Appellant and a cellmate while both were serving terms of incarceration at Schuylkill County Prison. **See** N.T. Trial, 11/6/23, at 49. Appellant's cellmate, Damian Johnson, testified that on that date Appellant punched him three times to the jaw, resulting in four days of hospitalization and the placement of permanent screws to repair his jaw. **See id.** at 52-56.

_____

[1] **Anders v. California**, 386 U.S. 738 (1967); **Commonwealth v. Santiago**, 978 A.2d 349 (Pa. 2009).

Lieutenant William A. Klinger, Jr., the prison supervisor at the time of the incident, testified that he examined the hands of the other cellmate, Gage Harkins, and Mr. Harkins' hands showed no signs of being involved in an altercation. *See id.* at 68-69. Patrolman Michael Hrebik, the investigating police officer, testified that Mr. Johnson reported to him that Appellant hit him four times. *See id.* at 77-78. Appellant testified that Mr. Johnson hit him first and in response Appellant hit him back four times. *See id.* at 100-01.

Ultimately, the jury acquitted Appellant of aggravated assault, convicted Appellant of simple assault, and the trial court convicted Appellant of harassment.[2] On January 18, 2024, Appellant was sentenced to one to two years' incarceration for simple assault, with no additional penalty for harassment. *See* N.T. Sentencing, 1/18/24, at 10.

Appellant did not file any post-sentence motions but did file a timely notice of appeal. The trial court ordered Appellant to file a statement of matters complained of on appeal pursuant to Pa.R.A.P. 1925. Appellant did not file a Rule 1925(b) concise statement of matters complained of on appeal nor a Rule 1925(c)(4) statement of intent to file an *Anders*/*Santiago* brief. *See* Pa.R.A.P. 1925(b), (c)(4). The trial court filed a Rule 1925(a) opinion concluding that Appellant waived any issues for appeal by failing to file a Rule 1925(b) statement. *See* Trial Ct. Op., 4/17/24, at 2.

---

[2] *See* 18 Pa.C.S. §§ 2702(a)(1), 2701(a)(1), and 2709(a)(1), respectively.

Counsel has identified Appellant's sole claim on appeal as "Whether inconsist[e]nt statements by victim/witness on stand during jury trial entitles [Appellant] to a not guilty verdict?" *See Anders*/*Santiago* Brief at 7 (formatting altered).

"When faced with a purported *Anders*[/*Santiago*] brief, this Court may not review the merits of any possible underlying issues without first examining counsel's request to withdraw." *Commonwealth v. Wimbush*, 951 A.2d 379, 382 (Pa. Super. 2008) (citation omitted). Counsel must comply with the technical requirements for petitioning to withdraw by (1) filing a petition for leave to withdraw stating that after making a conscientious examination of the record, counsel has determined that the appeal would be frivolous; (2) providing a copy of the brief to the appellant; and (3) advising the appellant that he has the right to retain private counsel, proceed *pro se*, or raise additional arguments that the appellant considers worthy of the court's attention. *See Commonwealth v. Goodwin*, 928 A.2d 287, 290 (Pa. Super. 2007) (*en banc*). In an *Anders*/*Santiago* brief, counsel must set forth the issues that the defendant wishes to raise and any other claims necessary to effectuate appellate presentation of those issues. *Commonwealth v. Millisock*, 873 A.2d 748, 751 (Pa. Super. 2005).

Additionally, counsel must file a brief that meets the requirements established in *Santiago*, namely:

> (1) provide a summary of the procedural history and facts, with citations to the record; (2) refer to anything in the record that counsel believes arguably supports the appeal; (3) set forth

counsel's conclusion that the appeal is frivolous; and (4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

*Santiago*, 978 A.2d at 361.

"Once counsel has satisfied the above requirements, it is then this Court's duty to conduct its own review of the trial court's proceedings and render an independent judgment as to whether the appeal is, in fact, wholly frivolous." *Goodwin*, 928 A.2d at 291 (citation omitted). This includes "an independent review of the record to discern if there are any additional, non-frivolous issues overlooked by counsel." *Commonwealth v. Flowers*, 113 A.3d 1246, 1250 (Pa. Super. 2015) (citation and footnote omitted); *accord Commonwealth v. Yorgey*, 188 A.3d 1190, 1197 (Pa. Super. 2018) (*en banc*). Moreover, we note that when an issue is waived, it is deemed a frivolous issue. *See Commonwealth v. Kalichak*, 943 A.2d 285, 291 (Pa. Super. 2008) (holding that when an issue has been waived, "pursuing th[e] matter on direct appeal is frivolous").

Here, Counsel has complied with the procedural requirements for seeking withdrawal by filing a petition to withdraw sending Appellant a letter notifying Appellant of Counsel's intent to withdraw, explaining Appellant's appellate rights, including the right to proceed *pro se* or with private counsel, and supplying Appellant with a copy of the *Anders*/*Santiago* brief. *See Goodwin*, 928 A.2d at 290. Counsel also provided this Court with a copy of her letter to Appellant informing him of his rights. Moreover, Counsel's

*Anders*/*Santiago* brief complies with the requirements of *Santiago*. Counsel includes a summary of the relevant factual and procedural history, refers to the portions of the record that could arguably support Appellant's claim, and sets forth the conclusion that the appeal is frivolous. *See Santiago*, 978 A.2d at 361. Accordingly, we conclude that Counsel has met the technical requirements of *Anders* and *Santiago*, and we will proceed to address the issues presented in Counsel's *Anders*/*Santiago* brief.

In the sole issue identified by Counsel, Appellant claims that Mr. Johnson's inconsistent statements about the number of times that Appellant struck him entitles Appellant to a not guilty verdict. *See Anders*/*Santiago* Brief at 7. We construe this claim as a challenge to the weight of the evidence. *See Commonwealth v. Wilson*, 825 A.2d 710, 713-14 (Pa. Super. 2003) (explaining an argument that the Commonwealth's evidence was not credible is properly characterized as a challenge to the weight of the evidence); *see also Commonwealth v. Charlton*, 902 A.2d 554, 561 (Pa. Super. 2006) (stating that a weight-of-the-evidence claim "concedes that sufficient evidence exists to sustain the verdict but questions which evidence is to be believed" (citation omitted)). As such, we are constrained to conclude that this claim is waived.

In order to preserve a weight of the evidence claim for appeal, a defendant must raise it before the trial court in a motion for a new trial, either prior to sentencing or in a post-sentence motion. *See* Pa.R.Crim.P. 607(A). "Failure to properly preserve the [weight of the evidence] claim will result in

waiver[.]" ***Commonwealth v. Lofton***, 57 A.3d 1270, 1273 (Pa. Super. 2012) (citation omitted).

Here, at the sentencing hearing, Appellant asserted that Mr. Johnson committed perjury because he had made inconsistent statements about the number of times Appellant struck him. ***See*** N.T. Sentencing, 1/18/24, at 4-5. However, Counsel disagreed that impeaching Mr. Johnson with his prior inconsistent statements would benefit Appellant. ***See id.*** at 5.[3] The record reflects that Appellant did not request a new trial based on a claim that the verdict was against the weight of the evidence during his sentencing hearing or in a post-sentence motion; therefore, this claim is waived. ***See Lofton***, 57 A.3d at 1273; ***see also Kalichak***, 943 A.2d at 291 (explaining that waived issues are frivolous).[4]

---

[3] Specifically, Counsel said to Appellant, "why would you want me to emphasize to the jury that [Mr. Johnson] said worse than what he said it was on the day of the trial?" N.T. Sentencing, 1/18/24, at 5 (*verbatim*).

[4] We note that Counsel was required to file either a Rule 1925(b) concise statement or a Rule 1925(c)(4) statement of intent to withdraw. ***See*** Pa.R.A.P. 1925(b) and (c)(4). Normally, this Court would remand this matter to the trial court with instructions for Counsel to file one of these two statements and for the trial court to issue a supplemental opinion pursuant to Rule 1925(c)(3). However, as the only issue Appellant wished to raise on appeal is waived, remand would serve no further purpose. ***See, e.g.***, ***Commonwealth v. Johnson***, 985 EDA 2019, 2020 WL 865047, at *3 (Pa. Super. filed Feb. 21, 2020) (unpublished mem.) (declining to remand for filing of a Rule 1925(c)(4) statement where the record was sufficient for this Court to conduct a review and remand would just delay the proceedings); ***see also*** Pa.R.A.P. 126(b) (noting that unpublished memorandum decisions of the Superior Court filed after May 1, 2019, may be cited for their persuasive value).

Further, our independent review of the record does not reveal any additional, non-frivolous issues. *See Flowers*, 113 A.3d at 1250; *see also Goodwin*, 928 A.2d at 291. Accordingly, we grant Counsel's motion to withdraw and affirm.

Judgment of sentence affirmed. Counsel's motion to withdraw granted. Jurisdiction relinquished.

Judge Kunselman joins the memorandum.

Judge Olson concurs in the result.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 1/29/2025